UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BINOR FAISON,                                    :
                Plaintiffs,             :
                               :
v.                                               :          **OPINION AND ORDER**
                               :
BUCKEYE PIPE LINE SERVICES            :          19 CV 7827 (VB)
COMPANY,                                         :
                Defendant.             :
-------------------------------------------------------------x

Briccetti, J.:

       Plaintiff Binor Faison brings this action against defendant Buckeye Pipe Line Services

Company, alleging violations of 42 U.S.C. § 1981 and New York Executive Law § 296, in

connection with his employment and eventual resignation.

       Now pending is defendant's motion to dismiss the complaint for lack of subject matter

jurisdiction or, alternatively, pursuant to the doctrine of judicial estoppel.  (Doc. #10).

       For the following reasons, the motion is GRANTED.

## BACKGROUND

       For the purpose of ruling on defendant's "fact-based" motion to dismiss, which proffers

"evidence beyond the complaint and its exhibits," the Court accepts as true all well-pleaded

allegations in the complaint.  See Equal Vote Am. Corp. v. Pelosi, 2020 WL 1467319, at *3

(S.D.N.Y. Mar. 26, 2020).[1]

       Defendant Buckeye Pipe Line Services Company is a subsidiary of Buckeye Partners,

L.P., a publicly traded limited partnership that transports, stores, and processes petroleum

---

[1]      Unless otherwise indicated, case quotations omit all citations, internal quotation marks, footnotes, and alterations.

products.  From April 12, 2012, to December 4, 2017, plaintiff worked as a terminal operator at defendant's facility in Newburgh, New York.

In February 2017, plaintiff and his wife, Stephany Faison (together, the "debtors"), filed a voluntary Chapter 13 bankruptcy petition in the Bankruptcy Court for the Southern District of New York.  See Voluntary Petition for Individuals Filing for Bankruptcy, In re Faison, 17-35306-CGM (Bankr. S.D.N.Y. Feb. 28, 2017).

On January 7, 2019, plaintiff commenced a civil action (the "prior civil action") against Buckeye Partners, L.P., containing nearly identical claims as those alleged against Buckeye Pipe Line Services Company in the instant action.  See Complaint, Faison v. Buckeye Partners, L.P., 19-cv-131 (NSR) (S.D.N.Y. Jan. 7, 2019).  However, when the prior civil action was commenced, plaintiff and his wife did not amend their Chapter 13 bankruptcy schedules of assets and claims to disclose the estate's interest in the prior civil action.

On or about April 15, 2019, the debtors converted their Chapter 13 bankruptcy case to Chapter 7 pursuant to 11 U.S.C. § 1307(a) and Federal Rule of Bankruptcy Procedure 1017(f)(3). That same day, Fred Stevens was appointed as the Chapter 7 bankruptcy trustee charged with administering the debtors' estate (the "Trustee").  Following the conversion, the debtors amended their bankruptcy schedules, but again failed to disclose the estate's interest in the prior civil action.

On May 16, 2019, the Trustee held a meeting of creditors pursuant to 11 U.S.C. § 341. At the meeting, plaintiff told the Trustee that he (plaintiff) did not have any pending lawsuits and did not have the right to sue anyone, even though the prior civil action against Buckeye Partners, L.P. was then pending.  (Doc. #11 ("Ronneburger Decl.") Ex. I:  Recording of Meeting of Creditors at 6:35).

On June 21, 2019, plaintiff amended his complaint in the prior civil action, changing the named defendant in interest from Buckeye Partners, L.P. to Buckeye Pipe Line Services Company, the defendant in the instant action.

On June 24, 2019, the Trustee filed a "Report of No Distribution" in the bankruptcy proceeding.  The report noted that $253,432.11 in scheduled creditors' claims were to be discharged (without deducting the value of collateral or debts excepted from discharge) and that the debtors' estate had been fully administered.  In addition, the Trustee requested to be discharged from any further duties in the bankruptcy case.

On or about July 18, 2019, defense counsel—who also represented defendant in the prior civil action—notified plaintiff's counsel of plaintiff's ongoing Chapter 7 bankruptcy case, and told plaintiff's counsel that such proceeding precluded plaintiff from maintaining the prior civil action in his own name because the claims alleged therein belonged to the bankruptcy estate.

In his declaration in opposition to the instant motion, plaintiff's counsel states that on or about July 19, 2019, following the above communication with defense counsel, he discussed the allegations of the prior civil action with the Trustee, and also provided the Trustee a copy of the amended complaint in that case.  According to plaintiff's counsel, the Trustee "indicated that he wished to determine" whether to (i) retain plaintiff's counsel to initiate a new civil action in the name of the bankruptcy estate, or (ii) "recommend discharge of the estate, effectively abandoning the claim and allowing Mr. Faison to pursue [the] case on his own."  (Doc. #20 ("Sussman Decl.") ¶ 4).

On July 23, 2019, plaintiff's counsel filed a notice of voluntary dismissal without prejudice in the prior civil action.  By email that day, plaintiff's counsel informed defense counsel of the voluntary dismissal, and further stated:  "I agree with you that Mr. Faison lacked

authority to initiate [the prior civil] action," and that "it is likely that either the bankruptcy will be shortly discharged or the trustee will retain [plaintiff's counsel] to re-initiate the lawsuit." (Sussman Decl. Ex. 6 at ECF 2).[2]

Also on July 23, 2019, plaintiff's counsel notified the Trustee by email that the prior civil action had been voluntarily dismissed.  Plaintiff's counsel further noted he "did not want to spend any more time than absolutely necessary arguing esoteric bankruptcy issues before the district court and would prefer to file the [new civil] case when [he had] a clear sense of how the bankruptcy matter shall proceed [or not]."  (Sussman Decl. Ex. 7 at ECF 3) (third alteration in original).  Plaintiff's counsel's email also provided a valuation of plaintiff's claims against defendant.

On July 24, 2019, the Trustee replied by email to plaintiff's counsel and requested more information about the claims so that the Trustee could determine whether to pursue the claims on behalf of the bankruptcy estate.  (Sussman Decl. Ex. 7 at ECF 2).  Plaintiff's counsel declares that "[t]hereafter, [the Trustee] advised me that he had determined not to retain counsel to pursue the estate's claim against defendant Buckeye, but to allow Mr. Faison to initiate his own action against his former employer."  (Sussman Decl. ¶ 6).

Also on July 24, 2019, plaintiff and his wife amended their schedules of assets and claims in the bankruptcy case, disclosing a "cause of action pending in the United States District Court Southern District of NY Binor Faison v. Buckeye Partners LP."  (Ronneburger Decl. Ex. H at 5,

---

[2]    Citations to "ECF __" refer to page numbers automatically assigned by the Court's Electronic Case Filing system.

8).[3]  The debtors' amended schedules noted the value of plaintiff's civil claims was "unknown." (Id. at 5, 8).

Three weeks later, on August 16, 2019, the bankruptcy court issued a Final Decree and discharged plaintiff and his wife from bankruptcy.  The bankruptcy case was closed that day.

Four days later, on August 20, 2020, plaintiff commenced the instant action against defendant, with nearly identical claims as those alleged in the prior civil action.

## DISCUSSION

I.    Legal Standard

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress."  Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011).  A court lacks the judicial power to hear a party's claims when the party does not have standing.  Hillside Metro Assocs., LLC v. JPMorgan Chase Bank, Nat'l Ass'n, 747 F.3d 44, 48 (2d Cir. 2014).  The party invoking the Court's jurisdiction bears the burden of establishing, by a preponderance of the evidence, that jurisdiction exists.  Broidy Capital Mgmt. LLC v. Benomar, 944 F.3d 436, 443 (2d Cir. 2019).

When deciding whether subject matter jurisdiction exists at the pleading stage, the Court "must accept as true all material facts alleged in the complaint."  Conyers v. Rossides, 558 F.3d

---

[3]    As of July 24, 2019, however, Buckeye Pipe Line Services Company, and not Buckeye Partners, L.P., was the named defendant in the prior civil action pursuant to the amended complaint filed June 21, 2019.  And although the debtors' amended bankruptcy schedules referred to the prior civil action as "pending" as of July 24, 2019, the case had been voluntarily dismissed the day before.

137, 143 (2d Cir. 2009).  "However, argumentative inferences favorable to the party asserting

jurisdiction should not be drawn."  <u>Buday v. N.Y. Yankees P'ship</u>, 486 F. App'x 894, 895 (2d

Cir. 2012) (summary order).

II.      <u>Standing</u>

Defendant argues plaintiff lacks standing to pursue his claims in his own name because

such claims belong to his bankruptcy estate.

On the present record, the Court agrees.

"In bankruptcy, all of a petitioner's assets, including causes of action, become the

property of the bankruptcy estate."  <u>See</u> 11 U.S.C. § 541(a)(1); <u>Seward v. Devine</u>, 888 F.2d 957,

963 (2d Cir. 1989).  The petitioner's bankruptcy estate also includes interests "that the estate

acquires after the commencement of the case."  11 U.S.C. § 541(a)(7).  A debtor in bankruptcy

has a broad "obligation to disclose all his interests at the commencement of a case," <u>Chartschlaa</u>

<u>v. Nationwide Mut. Ins. Co.</u>, 538 F.3d 116, 122 (2d Cir. 2008), and a continuing obligation to do

so throughout the pendency of the bankruptcy proceeding.  <u>Romeo v. FMA All., Ltd.</u>, 2016 WL

3647868, at *5 (E.D.N.Y. June 30, 2016) (collecting cases).

"[T]he full disclosure of the true state of the debtor's affairs is crucial to the bankruptcy

function," as "the benefits of bankruptcy are limited to the class of honest but unfortunate

debtors."  <u>In re Easley-Brooks</u>, 487 B.R. 400, 408 (Bankr. S.D.N.Y. 2013) (quoting <u>Marrama v.</u>

<u>Citizens Bank of Mass.</u>, 549 U.S. 365, 374 (2007)).  When a debtor fails to disclose a claim

belonging to his estate, he lacks standing to pursue that claim after he emerges from bankruptcy.

<u>See</u>, <u>e.g.</u>, <u>Rosenshein v. Kleban</u>, 918 F. Supp. 98, 103 (S.D.N.Y. 1996).  Indeed, "[w]hen an

action is <u>not</u> disclosed by the debtor, it remains property of the bankruptcy estate even after the

case is closed—indeed, unless it is administered or abandoned by the trustee, the action remains property of the estate forever." Romeo v. FMA All., Ltd., 2016 WL 3647868, at *6.

"[A]n asset must be properly scheduled in order to pass to the debtor through abandonment." Romeo v. FMA All., Ltd., 2016 WL 3647868, at *5 (quoting Hutchins v. IRS, 67 F.3d 40, 43 (3d Cir. 1995)). To that end, "every bankrupt must do enough itemizing to enable the trustee to determine whether to investigate further." Id.

Here, plaintiff argues he has standing to maintain this action because the Trustee abandoned the claims against defendant. Specifically, plaintiff contends: (i) he amended his Chapter 7 bankruptcy schedules to disclose the estate's interest in his claims; (ii) he communicated with the Trustee regarding the claims; and (iii) the Trustee "determined not to retain counsel to pursue the estate's claim[s] against defendant . . . , but to allow Mr. Faison to initiate his own action against his former employer." (Doc. #19 ("Pl. Mem.") ¶ 18).

On this record, and having carefully reviewed the parties' submissions, the Court concludes plaintiff "engaged in conduct designed to conceal, or at least minimize the likelihood that his assigned bankruptcy trustee would receive proper notice of his claims." See Romeo v. FMA All., Ltd., 2016 WL 3647868, at *9. When plaintiff commenced the prior civil action in January 2019, he failed to update his Chapter 13 bankruptcy schedules to reflect the estate's interest in the asserted claims. Plaintiff also did not update the bankruptcy schedules to account for the those claims in April 2019, following the bankruptcy case's voluntary conversion from Chapter 13 to Chapter 7. Moreover, at the May 16, 2019, creditors meeting, plaintiff testified under oath that he was not currently suing anyone, and did not have the right to sue anyone, even though the prior civil action was pending at the time. And although plaintiff and his wife eventually amended their bankruptcy schedules to account for plaintiff's civil claims against

defendant, they did so only <u>after</u> the Trustee issued a Report of No Distribution and requested to be discharged from any further duties in that matter.

The Court further concludes plaintiff's belated disclosure was substantively insufficient to satisfy his duty of disclosure to the Trustee.  Absent from plaintiff's opposition is evidence sufficiently demonstrating that plaintiff responded to the Trustee's July 24, 2019, email requesting additional information so that the Trustee could properly assess the civil claims asserted herein.  According to the Trustee, such additional information was necessary because the information plaintiff had provided until then was "actually less detailed than what the complaint [in the prior civil action] already says."  (Sussman Decl. Ex. 7 at ECF 1).

Moreover, by letter dated November 3, 2019, plaintiff's counsel asked the Court for an extension of time to oppose defendant's motion to dismiss because plaintiff needed to obtain "[d]eclarations from [the Trustee] and . . . plaintiff's bankruptcy attorney, who was also involved in effectuating the amendment to [plaintiff's bankruptcy] schedule and the ultimate discharge of the bankruptcy proceeding."  (Doc. #14 at 2).  The Court granted that request.  (Doc. #18). However, plaintiff has not provided a declaration from either the Trustee or his bankruptcy attorney as part of his opposition to the instant motion.  The only evidence supporting the notion that the Trustee determined not to retain plaintiff's counsel and pursue any claims against defendant on behalf of the bankruptcy estate is plaintiff's counsel's declaration stating as much. Based on this record, including plaintiff's apparent failure to respond to the Trustee's July 24, 2019, request for more information, and plaintiff's burden to establish that jurisdiction exists, plaintiff has failed sufficiently to demonstrate by a preponderance of the evidence that he provided the Trustee with enough information to determine whether the civil claims against defendant were worth pursuing.

As an additional matter, that the bankruptcy court issued a Final Decree discharging plaintiff from bankruptcy—merely three weeks after plaintiff amended his schedules to disclose the instant claims—does not clearly suggest the Trustee intended not to pursue any claims against defendant on behalf on the estate.  As noted above, plaintiff amended his bankruptcy schedules to reflect his interest in the instant claims one month <u>after</u> the Trustee filed the Report of No Distribution, which indicated the estate was fully administered and requested that the Trustee be discharged from his duties.  Nothing on the bankruptcy case docket suggests the Trustee advised the bankruptcy court he had reviewed plaintiff's amended schedules and abandoned the estate's claims against defendant.  Accordingly, the bankruptcy court's Final Decree and discharge does not unequivocally evidence the Trustee's intent to abandon the estate's claims.

For the above reasons, plaintiff has failed to carry his burden to establish his standing to prosecute the instant claims in his own name.  In other words, plaintiff has failed to demonstrate, by a preponderance of the evidence, that the Trustee intended to, and did, abandon the estate's claims against defendant which plaintiff attempts to pursue in his own name.

Accordingly, at this time, plaintiff's instant claims against defendant remain the exclusive property of the bankruptcy estate.  For this reason, plaintiff lacks standing to prosecute this action.[4]

---

[4]     Defendant also moves to dismiss plaintiff's complaint pursuant to the equitable doctrine of judicial estoppel.  Although defendant frames this alternative argument as part of its Rule 12(b)(1) motion, "Rule 12(b)(6) is the more appropriate vehicle for doing so." <u>Romeo v. FMA All., Ltd.</u>, 2016 WL 3647868, at *12 (collecting cases).  Nevertheless, because plaintiff lacks standing at this juncture to prosecute this case in his own name, the Court need not reach the merits of defendant's judicial estoppel arguments.

**CONCLUSION**

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #10) and close this case.

Dated: May 20, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge